IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:20-cr-54 |
| DELVON BROWN, | |
| Defendant. | |

## O R D E R

Defendant Delvon Brown has filed a Motion to Reduce Sentence. (Doc. 58.) He contends that a reduction in his sentence is warranted due to pending amendments to the United States Sentencing Guidelines. (Id.) The Court has reviewed the entirety of the record in this case and finds that the pending amendments to the United States Sentencing Guidelines would have no impact on Brown's Guidelines calculation. Thus, the Court **DENIES** Brown's Motion, (doc. 58), and **GRANTS** the Government's Motion to Dismiss, (doc. 59).

### BACKGROUND

Brown's conduct leading to his conviction and sentence was quite serious. He possessed a firearm as a convicted felon. Further, he possessed the firearm in connection with another felony offense. (Doc. 53, p. 6.) Brown had multiple prior convictions which resulted in a total criminal history score of 13, and a criminal history category of VI. (Id. at pp. 7—11.) Based on his total offense level of 21 and his criminal history category of VI, Brown's Guideline imprisonment range was 77 months to 96 months. (Id. at p. 16.) At sentencing, the Court adopted the presentence investigation report without change and sentenced Brown to 77 months of imprisonment. (See,

docs. 54, 56.) Brown filed his instant Motion to Reduce Sentence on July 19, 2023, (doc. 81), and the Government filed a Motion to Dismiss Brown's Motion on September 7, 2023, (doc. 59).

## DISCUSSION

Brown "seeks a reduction in his sentence due to the CRIMINAL HISTORY amendments related to 'Status Points' or 'zero-point offender.'" (Doc. 58, p. 1.) On April 27, 2023, the United States Sentencing Commission proposed revisions to the criminal history points calculations under Chapter 4 of the Sentencing Guidelines. See Amendments to the Sentencing Guidelines, pp. 77-92 (U.S. Sent'g Comm'n Apr. 27, 2023), available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (last visited Oct. 24, 2023). Specifically, the Commission proposes amending the additional criminal history points given to offenders who committed the offense of conviction while under a criminal justice sentence under Section 4A1.1(d). Id. Unless Congress modifies or disapproves of the proposed amendments, they become effective November 1, 2023. Id. at p. 2.

Because these Amendments have not yet gone into effect, they afford Brown no relief. See United States v. Symington, 682 F. App'x 729, 731 (11th Cir. 2017) ("[W]e do not consider proposed amendments until they become effective, as they are still subject to Congressional modification or disapproval."). Moreover, even if the Amendments to Section 4A1.1(d) were in effect, they would not impact Brown's sentence. Brown was not under a criminal justice sentence when he committed his offense of conviction. Thus, Section 4A1.1(d)'s consideration of "status points" had no impact on his criminal history calculation. (Doc. 53, pp. 7—11.) Thus, the proposed changes to Section 4A1.1(d) would not impact Brown's Guidelines range.

## CONCLUSION

For all these reasons as well as those stated by the United States in its response, the Court **DENIES** Defendant Brown's Motion to Reduce Sentence, (doc. 58).

**SO ORDERED**, this 25th day of October, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA